OPINION OF THE COURT
Per Curiam.
On April 17, 1986, petitioner, together with other county officials, participated in the "Jail Bail for Heart” — an event held at the Albany County Courthouse at the conclusion of the annual fund drive for the American Heart Association. The "Jail Bail for Heart” was a scheme in which mock criminal charges were prepared and served on the fund drive solicitors. The Sheriff brought the solicitors to the courthouse to appear before petitioner where they were "prosecuted” by the District Attorney and "fined” by petitioner in the amount of money they had collected. The collected funds were turned over to the Heart Association either in the courtroom or elsewhere in the courthouse. Although petitioner did not actually engage in the raising or soliciting of funds, nevertheless, his role was clearly a part of the over-all fund-raising effort. We conclude, therefore, that the Commission did not err in finding that petitioner violated both the letter and the *337 spirit of section 100.5 (b) (2) of the Rules Governing Judicial Conduct (Rules of Chief Administrator of Courts [22 NYCRR 100.1 et seqj) which prohibits Judges from soliciting funds for charitable organizations or using the prestige of their office for that purpose.
We do not accept petitioner’s argument that his conduct was excused because he read section 100.5 (b) as permitting his conduct or because he had done the same thing the year before without warning or complaint from the Commission and therefore assumed that his participation was proper. Similarly, we do not accept petitioner’s contention that, by way of sanction, the Commission was obliged to give him only a warning, because it had done so previously in connection with a similar charge involving another Judge. That the Commission might have discharged its own function differently or more effectively, given the circumstances, by acting swiftly and informally to avoid further breach of the rules, rather than by initiating a full-blown adversarial proceeding culminating in public admonition, does not alter the fact that petitioner violated the rules and is appropriately sanctioned for his conduct.
Accordingly, the determined sanction of admonition should be accepted, without costs.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion.
Determined sanction accepted, without costs.